UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANK GLENN WATERS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SOCIAL AND HEALTH SERVICES DEPARTMENT CHILD SUPPORT DIVISION OF WASHINGTON, et al.,<br><br>　　　　　　　Defendants. | No. CV06-0976 MJP<br><br>ORDER ON DEFENDANTS SOCIETY OF COUNSEL REPRESENTING ACCUSED PERSONS AND MARTIN POWELL'S MOTION FOR SUMMARY JUDGMENT |

　　　　This matter comes before the Court on Defendants Society of Counsel Representing Accused Persons ("SCRAP") and Martin Powell's motion for summary judgment. Having reviewed the papers and pleadings submitted by the parties, the Court GRANTS Defendants' motion. Plaintiff's claims are barred by the applicable statute of limitations. For the same reason, the Court sua sponte dismisses Plaintiff's section 1983, 1985 and 1986 claims against Defendants Washington State Department of Social and Health Services, Division of Child Support ("DSHS"), Laurie Sanchez and Brian Frye.

**Background**

　　　　Plaintiff Frank Waters was placed in criminal contempt on June 27, 2001, when he failed to make court ordered child support payments. (Waters Decl. at 1). The Office of Public Defender assigned SCRAP to represent Mr. Waters in the proceedings. (Daly Decl. at 1). SCRAP assigned

ORDER - 1

representation of Mr. Waters to Martin Powell, a public defender in the office. (Powell Decl. at 1). Mr. Powell represented Plaintiff until SCRAP assigned another attorney to the case in November 2001. (Powell Decl. at 2). On May 13, 2002, the State voluntarily dismissed the contempt proceeding against Mr. Waters without prejudice. (Daly Decl. at Ex. A). Thereafter, on June 6, 2002, SCRAP withdrew representation of Mr. Waters. (Daly Decl. at Ex. B). On August 7, 2006, Plaintiff filed a complaint alleging violations of his civil rights pursuant to 42 U.S.C. §§ 1983, 1985, 1986. The complaint named, among others, Mr. Powell and SCRAP as Defendants.

**Analysis**

Defendants argue that Plaintiff's claims against them under sections 1983, 1985 and 1986 should be dismissed because they are time-barred. First, although section 1983 includes no limitation period, the Supreme Court has held that claims under the statute are governed by the applicable state statute of limitations. Wilson v. Garcia, 471 U.S. 261, 275 (1985). In Washington, the statute of limitations for section 1983 claims is three years. See Rose v. Rinaldi, 654 F.2d 546, 547 (9th Cir. 1991); RCW 4.16.080(2). Second, the Ninth Circuit has held that section 1985 claims are governed by the same state statute of limitations as section 1983 claims. McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir. 1991). Accordingly, in Washington, the statute of limitations for section 1985 claims is also three years. Finally, section 1986 contains an explicit one-year statute of limitations. 42 U.S.C. § 1986 (2000).

The applicable limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action. Hoesterey v. Cathedral City, 945 F.2d 317, 319 (9th Cir. 1991). In the present case, Plaintiff filed his complaint on August 7, 2006, over four years after SCRAP ceased representing him on June 6, 2002, and nearly five years after Mr. Powell ceased representing him in November 2001. All of the facts offered by the Plaintiff in support of his claim were available to him on the date Defendants ceased representing him. Accordingly, the Plaintiff had notice of the potential claim at that time, and the limitations period for Plaintiffs's claims began to run

ORDER - 2

when the Defendants withdrew representation. Therefore, all of Plaintiff's claims against SCRAP and Mr. Powell expired before he filed suit against them.

In addition, although this motion was only brought by Defendants SCRAP and Powell, most of Plaintiff's remaining claims against other Defendants under sections 1983, 1985 and 1986 are also time-barred. All of the allegedly illegal conduct by DSHS and its employees, Laurie Sanchez and Brian Frye, took place prior to the State's dismissal of the case on May 13, 2002. (Amended Compl. at 3-4). Where a defendant has not waived the statute of limitations issue, the district court may dismiss claims on timeliness grounds sua sponte. See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 686-87 (9th Cir. 1993). The statute of limitations affirmative defense is not waived if the defendant pleads it in her answer. See id. at 687. Defendants DSHS, Sanchez and Frye plead the affirmative defense of statute of limitations in their answer. (Dkt. No. 27, at 4). Therefore, the Court will sua sponte dismiss Plaintiff's remaining section 1983, 1985 and 1986 claims against those Defendants.

ORDER - 3

**Conclusion**

The events giving rise to this suit took place well outside the applicable limitations periods and Plaintiff does not dispute Defendants' statute of limitations defense. Because the Court finds that Plaintiff's claims are time-barred, the Court need not address Plaintiff's other arguments.

IT IS HEREBY ORDERED that Defendants SCRAP and Martin Powell's motion for summary judgment is GRANTED. The Court also sua sponte dismisses Plaintiff's section 1983, 1985 and 1986 claims against Defendants DSHS, Laurie Sanchez and Brian Frye on timeliness grounds. Plaintiff's section 1983, 1985 and 1986 claims against these five Defendants are dismissed with prejudice.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: February 6, 2007.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 4