1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRANK GLENN WATERS,

              Plaintiff,

      v.

SOCIAL AND HEALTH SERVICES DEPT,
CHILD SUPPORT DIVISION OF
WASHINGTON STATE et al.,

            Defendants.

NO. C06-0976MJP

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

      This matter comes before the Court on Defendant Hannes' Motion for Summary Judgment (Dkt. No. 42).  Plaintiff has responded. (Dkt. No. 45.)  Having reviewed the motions and response, Defendant's reply (Dkt. No. 46), all documents submitted in support thereof and the record herein, the Court GRANTS Defendant's motion for summary judgment.

## Background

      On August 31, 2006, Plaintiff Frank Waters filed suit against the Washington State Department of Social and Health Services, Division of Child Support ("DCS"), the Society of Council Representing Accused Persons ("SCRAP"), and several employees of both organizations.  These included Laurie Sanchez, Brian Frye, Philip Kouse, and Rich Hannes from DCS, and Martin Powell,

ORDER GRANTING SUMMARY JUDGMENT- 1

1   Kara Dansky, and Annette Cook from SCRAP.  Plaintiff claimed that Defendants had violated his

2   federal civil rights, and he brought claims under 42 U.S.C. §§ 1983, 1985, and 1986.  He sued all the

3   employees both as individuals and as employees of their respective agencies.  On November 9, 2006,

4   Mr. Waters voluntarily dismissed Philip Kouse, Kara Dansky, and Annette Cook as defendants. (Dkt.

5   No. 22.)  On February 6, 2007, the Court granted summary judgment to Defendants SCRAP and

6   Martin Powell, holding that Plaintiff's claims against them were barred by the applicable statute of

7   limitations. (Dkt. No. 38.)  The Court also dismissed sua sponte all of Plaintiff's claims against DCS,

8   Laurie Sanchez, and Brian Frye, for the same reason.  Rick Hannes is the only remaining defendant.

9        Mr. Waters' contact with Mr. Hannes began when Mr. Waters voluntarily requested a

10  "Conference Board" hearing before DCS in June 2005 regarding custody and child support issues.  A

11  Conference Board is an informal hearing conducted by a DCS employee as a dispute resolution

12  method.  The Conference Board can either issue a decision without a hearing or set a hearing to take

13  statements before issuing a decision. WAC 388-14A-6400(1)(b).  The Conference Board process is

14  used to: "(a) Help resolve complaints and problems over agency actions; (b) Determine when hardship

15  in the paying parent's household . . . justifies the release of collection action . . . ; (c) Set a repayment

16  rate on a support debt; and (d) Determine when it is appropriate to write off support debts owed to

17  the department . . ." WAC 388-14A-6400(3).

18       In his request for a Conference Board, Mr. Waters claimed that (1) the matters should have

19  been resolved in 1997, (2) his ex-wife kidnapped their son, causing him to experience extreme mental

20  distress, and (3) DCS' efforts to collect the child support he owes is aiding and abetting his ex-wife in

21  her alleged crime. (Dkt. No. 43, Ex. 1.)  He requested cancellation of his debt, reinstatement of his

22  driver's license (which had been revoked for non-payment of child support), and compensation for

23  pain and suffering. (Dkt. No. 43, Ex. 1.)  Mr. Hannes oversaw the Conference Board process.  He did

24  not set a hearing, but based his decision on the letter from Mr. Waters.  Mr. Hannes' decision, dated

25

26  **ORDER GRANTING SUMMARY JUDGMENT- 2**

August 11, 2005, acknowledged that Mr. Waters objected to paying child support because of his loss of contact with his child, and stated that "the kind of issue that is raised is not one about which relief is available through the conference board process." (Dkt. No. 43, Ex. 3.)  He indicated that Mr. Waters was still obligated to make child support payments when possible. Id.  Mr. Waters was not satisfied with this response, and brought this suit, alleging claims against Mr. Hannes solely on the basis that Mr. Hannes ignored his complaints and "made his own judgments without having all the facts." (Dkt. No. 5 at 4).  On October 3, 2006, DCS released all of the liens placed on Mr. Waters and restored his driver's license.  Mr. Waters no longer owes any money to DCS.

<u>Analysis</u>

**I. Standard**

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  The burden is initially on the moving party to show no genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  If the moving party succeeds, the burden shifts to the opposing party to show that there <u>is</u> a genuine issue of material fact.  The facts are viewed in the light most favorable to the opposing party. <u>Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp</u>, 475 U.S. 574, 587 (1986).  The court must evaluate the evidence in light of evidentiary standard of proof that would apply at trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986).

**II. Timeliness**

Plaintiff filed his response to Defendant's summary judgment motion three days late.  Local Civil Rule 7(d) requires opposition papers to a dispositive motion to be filed and served by the Monday before the Friday noting date.  The noting date here was Friday, June 29, 2007.  Plaintiff's response was therefore due by June 25, 2007, but was not filed until June 28, 2007.  Pro se litigants are bound by the rules of procedure. <u>Ghazali v. Moran</u>, 46 F.3d 52, 54 (9th Cir. 1995).  However, the

**ORDER GRANTING SUMMARY JUDGMENT- 3**

1   Ninth Circuit has noted that it is appropriate to use great leniency when evaluating a pro se litigant's

2   compliance with technical rules of civil procedure. Draper v. Combs, 792 F.2d 915, 924 (9th Cir.

3   1986).  The Court considers Defendant's motion on its merits, and will consider Plaintiff's response.

4   **III. Section 1983 Claim**

5       Defendant argues that Mr. Waters has not plead, nor can he establish, a federal constitutional

6   violation by Mr. Hannes.  To succeed on his § 1983 claim, Mr. Waters must show that he was

7   deprived of a right secured by the Constitution or federal law, and that the action proximately causing

8   the deprivation was taken by a "person" acting under color of state law.  Crumpton v. Gates, 947 F.2d

9   1418, 1420 (9th Cir. 1991).  State employees sued in their individual capacities qualify as "persons"

10  for the purposes of the statute. Hafer v. Melo, 502 U.S. 21, 25 (1991).  Besides showing a deprivation

11  of a federal right, the claimant must also show that the official's act was the proximate cause of that

12  deprivation. See Crumpton, 947 F.2d at 1420; Phillips v. Hust, 477 F.3d. 1070, 1077 (2007).  A

13  person acts under color of law when he or she takes any action in the course of his or her public

14  duties, even those not sanctioned by official law.  West v. Atkins, 487 U.S. 42, 49-50 (1988).

15      Although Plaintiff has not specified which federal right he was deprived of by Defendant, there

16  are several constitutional rights that may be gleaned from his complaint.  In his response, Plaintiff

17  accuses Defendant of making a Conference Board judgment based on inadequate facts, thereby

18  causing Plaintiff emotional distress.  This claim could be interpreted to contain a due process

19  allegation, namely that Mr. Hannes' Conference Board decision was reached without due process of

20  law.  The Due Process Clause of the Fourteenth Amendment protects deprivations of life, liberty or

21  property by the government without due process of law. See Board of Regents v. Roth, 408 U.S. 564,

22  570-71 (1972).

23      Mr. Hannes oversaw a non-binding, informal dispute resolution process.  The entire process

24  consisted of an exchange of letters between him and Mr. Waters.  Washington's administrative code

25

26  **ORDER GRANTING SUMMARY JUDGMENT- 4**

1  gives DCS employees the discretion to use the conference board process to determine "hardship" on

2  the part of the debtor parent, as defined by RCW 74.20A.160. <u>See</u> WAC 388-14A-6400(3)(b).  The

3  statute defines hardship as issues related to "income, earning capacity and resources of the debtor."

4  RCW 74.20A.160.  Mr. Hannes did not violate Mr. Waters' due process rights when he concluded

5  that "the kind of issue that is raised is not one about which relief is available through the conference

6  board process." (Dkt. No. 43, Ex. 3.)  As stated above, his authority was limited to a determination of

7  financial hardship.  This determination did not deprive Mr. Waters of any property or liberty interests,

8  or any interest at all.  Mr. Hannes merely concluded that Mr. Waters was not eligible for an alternate

9  payment plan or reduction in debt.  He had no control over the enforcement of the child support

10  payments, which were ordered by a Washington state court.

11      Mr. Waters also claims that Mr. Hannes is complicit in a federal kidnapping crime.  There is no

12  basis for this claim.  Plaintiff's complaint never alleges that Mr. Hannes had any contact with Mr.

13  Waters' ex-wife, or that he was involved in the collection or enforcement of child support payments.

14  And Plaintiff offers no evidence in response to the motion for summary judgment supporting this

15  claim.  Even considering the facts in the light most favorable to Mr. Waters, he has not alleged a

16  constitutional violation by Mr. Hannes regarding a kidnapping scheme.

17      Finally, Mr. Waters appears to be claiming that the DCS employee's failure to take the

18  kidnapping claim seriously was a result of gender discrimination.  He cites no facts or evidence to

19  support this Equal Protection claim.  He only states that the system in general was biased against him,

20  and that he would have been treated differently had he been the child's mother, rather than his father.

21  Mr. Waters cannot base a § 1983 claim on conjecture and speculation that he was a victim of sex

22  discrimination.  In conclusion, Plaintiff has failed to establish any question about the legality of

23  Defendant's actions, and Defendant is entitled to judgment as a matter of law on the § 1983 claim.

24

25

26  **ORDER GRANTING SUMMARY JUDGMENT- 5**

**IV. Qualified Immunity**

Officials charged with enforcing presumably constitutional state laws are entitled to qualified immunity if it was reasonable for them to assume that they were acting legally and they acted in good faith. Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982). A court ruling upon qualified immunity in a summary judgment motion must first determine whether the facts alleged, viewed in the light most favorable to the nonmoving party, show a violation of a federal right. Saucier v. Katz, 533 U.S. 194, 201 (2001). If this threshold question is satisfied, the next step is to determine whether the right was clearly established, such that the official was put on notice that conduct violating the right would be unlawful. Id. A finding of qualified immunity protects the official from having to face litigation. Id. at 200.

As discussed above, the allegations made by Mr. Waters do not show any violation of a federal right by Mr. Hannes. He acted in accordance with the regulations of the conference board process, and it was reasonable for him to believe that by doing so, he was not violating federal law or depriving Mr. Waters of his constitutional rights. Defendant is entitled to qualified immunity.[1]

**V. Section 1985 and 1986 Claims**

Plaintiff also brought claims against Defendant under 42 U.S.C. § 1985, which prohibits certain conspiracies to interfere with civil rights, and 42 U.S.C. § 1986, which creates a cause of action for neglecting to prevent a conspiracy of the type covered by § 1985. Section (1) of § 1985 prohibits any conspiracy to prevent a federal officer from performing official duties. Section (2) prohibits conspiracies to obstruct justice, either by interfering with the judicial process or preventing equal protection of the law. Section (3) creates a cause of action against a party "conspiring to deprive any person of equal protection of the law or the privileges and immunities of citizenship." Plaintiff has not

---

[1] Because the Court grants qualified immunity, it need not consider Mr. Hannes' alternative argument that he is entitled to quasi-judicial immunity.

ORDER GRANTING SUMMARY JUDGMENT- 6

1    provided any evidence indicating that Defendant conspired with anyone to interfere with his civil

2    rights.  Defendant's motion for summary judgment dismissal of Plaintiff's § 1985 and  § 1986 claims is

3    GRANTED.

4                                              **Conclusion**

5           Mr.  Hannes is entitled to qualified immunity from Mr. Waters' claims.  In addition, Mr.

6    Waters has failed to produce any evidence or legal support for his civil rights claims.  Because he has

7    not stated a viable claim against Mr. Hannes, the Court GRANTS summary judgment on behalf of

8    Defendant.

9           The clerk is directed to provide copies of this order to all counsel of record.

10          Dated: August 15, 2007

11                                                  /s Marsha J. Pechman

12                                                  Marsha J. Pechman

13                                                  United States District Judge

26   **ORDER GRANTING SUMMARY JUDGMENT- 7**